### SLYFIELD v. CORDINGLY

INSTRUCTIONS: NOT WARRANTED BY EVIDENCE.

*Appeal from Kossuth Circuit Court.*

THURSDAY, OCTOBER 20, 1887.

ACTION to recover on a parol lease of a farm for one year. The defendant pleaded a failure of consideration and a counter claim. Trial by a jury, judgment for the defendant, and plaintiff appeals.

*Geo. E. Clarke,* for appellant.

*H. S. Vaughn,* for appellee.

SEEVERS, J.—In the first count in the answer a defense is pleaded based on the ground that the plaintiff made certain representations in relation to the farm which impaired its rental value, and it is stated "that each and every one of said statements is false and was known by the plaintiff to be false at the time of making the same. That defendant relied on said statements and was deceived thereby." There is no other allegation than the above that the representations were fraudently made, or that the defendant in reliance thereon leased the farm. There is no evidence tending to show that the defendant in reliance on the representations entered into the lease, but there is evidence tending to show that after the claimed respresentations were made the defendant, to some extent at least, examined the farm, and thereafter leased it. Such being the evidence and the issue, the court in stating the issues to the jury said " that the defendant relied on said statements, and was deceived thereby, and induced to enter into said lease." The court instructed the jury "that if the defendant was induced to enter into said contract of lease by the false and fraudulent representations of the plaintiff, knowing the same to be false when made,     *     *     *     and if you further believe that the defendant has paid all that the place was worth in market rental value, then this would be a defense to the action and you should find for the defendant on that part of the case." This instruction is erroneous, because there is no issue or evidence tending to show that the defendant was induced by the false representations to enter into the lease. He may have relied on the representations and been deceived thereby, and yet he may not have entered into the contract in reliance thereon. The instruction is also erroneous in submitting to the jury the question as to the fraudulent character of the representations, because there is no evidence so tending. The plaintiff is a resident of Illinois, and the lease and representations were

made in that state, and there is no evidence tending to show he ever saw the farm or had any knowledge of it prior to making the representations. Nor is there any other evidence tending to show he knew or had reason to believe the representations were false.

REVERSED.